IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSENDO DIAZ, Individually and On Behalf of All Others Similarly Situated, | § § § § | |
| Plaintiff, | § § | C.A. No. _____ |
| v. | § § § § | |
| RIO GRANDE MEXICAN RESTAURANTS, INC.; RAFAELA RIVERA and MICHAEL RIVERA, | § § § § § | JURY TRIAL DEMANDED |
| Defendants. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW Plaintiff Rosendo Diaz (referred to as "Plaintiff") bringing this collective action and lawsuit on behalf of himself and all other similarly situated employees to recover unpaid regular and overtime wages from Defendants Rio Grande Mexican Restaurants, Inc.; Rafaela Rivera and Michael Rivera (collectively referred to as "Defendants"). In support thereof, he would respectfully show the Court as follows:

### I. NATURE OF SUIT

1. The Fair Labor Standards Act ("FLSA") is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general well-being of workers … ." 29 U.S.C. § 202(a). To achieve its humanitarian goals, the FLSA defines appropriate pay deductions and sets

overtime pay, minimum wage, and record keeping requirements for covered employers. 29 U.S.C. §§ 206(a), 207(a), 211(c).

2. Defendants violated the FLSA by failing to pay their nonexempt employees at one and one-half times their regular rates of pay for hours worked in excess of forty (40) per each seven (7) day workweek.

3. Plaintiff brings this collective action under section 16(b) of the FLSA on behalf of himself and all other similarly situated employees in order to recover unpaid regular and overtime wages. 29 U.S.C. § 216(b).

## II. Jurisdiction & Venue

4. The Court has jurisdiction of this action pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) because it arises under the FLSA, a federal statute. Additionally, the Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(a) because they are so related to his claims under the FLSA that they form part of the same case or controversy under Article III of the United States Constitution.

5. Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b)(1), (b)(2) because Defendants reside in the Houston Division of the Southern District of Texas and/or a substantial part of the events or omissions giving rise to the claim occurred in the Houston Division of the Southern District of Texas.

## III. The Parties

6. Plaintiff Rosendo Diaz is a resident of Harris County, Texas and was employed by Defendants within the meaning of the FLSA during the three (3) year period preceding the filing of this action. In performing his duties, Diaz was engaged in

commerce or in the production of goods for commerce. Diaz regularly worked in excess of forty (40) hours per week. However, Diaz did not receive overtime pay for hours worked in excess of forty (40) at a rate of time and one-half as required by the FLSA.

7. Defendant Rio Grande Mexican Restaurants, Inc. is a Texas corporation that may be served with process by serving its registered agent, Rafaela Rivera, at 10615 Market Street Rd., Houston, Texas 77029-2340. Alternatively, if the registered agent of Rio Grande Mexican Restaurants, Inc. cannot with reasonable diligence be found at its registered office, Rio Grande Mexican Restaurants, Inc. may be served with process by serving the Texas Secretary of State pursuant to TEX. BUS. ORG. CODE § 5.251 and TEX. CIV. PRAC. & REM. CODE § 17.026.

8. Defendant Rafaela Rivera is an individual who may be served with process at 10615 Market Street Rd., Houston, Texas 77029-2340 or wherever he may be found. Defendant Rafaela Rivera may also be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

9. Defendant Michael Rivera is an individual who may be served with process at 10615 Market Street Rd., Houston, Texas 77029-2340 or wherever he may be found. Defendant Michael Rivera may also be served with process pursuant to TEX. CIV. PRAC. & REM. CODE § 17.021 by serving an agent or clerk employed at his office or place of business because this action grows out of or is connected with the business he transacts in this state.

10. Whenever in this Complaint it is alleged that Defendants committed any act or omission, it is meant that the Defendants' officers, directors, vice-principals, agents, servants or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of Defendants or was done in the routine and normal course and scope of employment of the Defendants' officers, directors, vice-principals, agents, servants or employees.

## IV. FACTS

11. Defendant Rio Grande Mexican Restaurants, Inc. (referred to as "Rio Grande") owns and operates restaurants located in the territorial jurisdiction of this Court.

12. Defendants Rafaela Rivera and Michael Rivera are officers and/or directors of Rio Grande. As such, they have operational control of Rio Grande and/or effectively dominate its administration or otherwise act, or have the power to act, on behalf of Rio Grande vis-à-vis its employees. This is includes, but is not limited to, developing and implementing pay practices, hiring and firing employees, undertaking managerial responsibilities, and otherwise exercising control of the work situation.

13. In connection with their business operations, Defendants collectively employ numerous waiters, waitresses, bartenders, busboys, food runners, cooks, kitchen help, dishwashers, etc.

14. From approximately 1984 through 2011, Diaz was employed by Defendants as a cook.

15. Cooks, including Diaz, are responsible for preparing food.

16. Cooks, including Diaz, regularly work in excess of forty (40) hours per week.

17. Defendants do not pay cooks, including Diaz, overtime wages for hours worked in excess of forty (40) per each seven (7) day workweek at a rate of time and one-half as required by the FLSA.

18. Instead, cooks, including Diaz, are paid on a salary basis which does not take into consideration the total number of hours worked each week.

19. On information and belief, these same illegal pay practices were applied to all employees of Defendants who were compensated in the same or similar manner to that of Plaintiff.

## V. COUNT ONE—VIOLATION OF THE FLSA

**A. Defendants Failed to Properly Compensate Plaintiff at the Rate of Time and One-Half for All Overtime Hours Worked.**

20. Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

21. On information and belief, Plaintiff was a nonexempt employee under the guidelines of the FLSA.

22. As a nonexempt employee, Plaintiff was legally entitled to be paid at one and one-half times his "regular rate" for all hours worked in excess of forty (40) during each seven (7) day workweek. 29 U.S.C. § 207(a).

23. Defendants failed to pay Plaintiff for all hours worked in excess of forty (40) at one and one-half times his regular rate.

24. Instead, Defendants paid Plaintiff on a salary basis which does not take into consideration the total number of hours worked each week.

25. As a result, Plaintiff was regularly "shorted" on his paycheck by not being paid at a rate of time and one-half for hours worked in excess of forty (40).

26. In the event that Defendants classified Plaintiff as exempt from the minimum wage or overtime requirements of the FLSA, Plaintiff was misclassified, as no proper exemption enumerated within the guidelines of the FLSA excused Defendants from appropriately paying Plaintiff full overtime wages for hours worked in excess of forty (40) hours during each seven (7) day workweek, as is specifically required by the FLSA.

27. Rather, Defendants knowingly, willfully, and with reckless disregard, carried out his illegal pattern and practice of failing to pay Plaintiff proper overtime wages.

**B.  Defendants Failed to Keep Accurate Records of Time Worked.**

28. The FLSA requires employers to keep accurate records of hours worked by nonexempt employees.  29 U.S.C. § 211(c).

29. In addition to the pay violations of the FLSA identified above, Defendants also failed to keep proper time records as required by the FLSA.

**C.  Defendants' Illegal Actions Were and Are Willful Violations of the FLSA.**

30. The illegal pattern or practice on the part of Defendants with respect to compensation and failure to maintain accurate time records are direct violations of the FLSA.

31. No exemption excuses Defendants from failing to pay Plaintiff at his proper overtime rate of time and one-half for all hours worked in excess of forty (40).

32. Defendants have not made a good faith effort to comply with the FLSA.

33. Rather, Defendants knowingly, willfully and with reckless disregard carried out an illegal pattern or practice regarding overtime compensation and the payment of wages to Plaintiff.

### VI. COUNT TWO—COLLECTIVE ACTION ALLEGATIONS

34. Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

35. On information and belief, other employees have been victimized by Defendants' patterns, practices and policies identified above in violation of the FLSA.

36. These employees are similarly situated to Plaintiff because, during the relevant time period, they held similar positions, were compensated in a similar manner, and were denied overtime wages at a rate of time and one-half for hours worked in excess of forty (40) each workweek.

37. Defendants' patterns or practices of failing to pay the minimum wage and overtime compensation are generally applicable policies or practices and do not depend on the personal circumstances of the Members of the Class.

38. Since, on information and belief, Plaintiff's experiences are typical of the experiences of the Members of the Class, collective action treatment is appropriate.

39. All employees of Defendants, regardless of their rate of pay, who were not paid at their proper overtime rate for hours worked in excess of forty (40) are similarly

situated. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts. The Class is therefore properly defined as:

> All current and former busboys, food runners, cooks, kitchen help, dishwashers, or any other employee: (1) who worked at any business that was owned, operated, and/or acquired by Defendants during the class period; (2) who were compensated on a salary basis; and/or (3) who were not properly paid at a rate of time and one-half for hours worked in excess of forty (40) per workweek.

40. Plaintiff has retained counsel well versed in FLSA collective action litigation who is prepared to litigate this matter vigorously on behalf of Plaintiff and any other Members of the Class.

### VII. COUNT THREE—FAILURE TO PAY WAGES

41. Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

42. Defendants' practice of failing to pay their nonexempt employees at one and one-half times their regular rate for all hours worked in excess of forty (40) each workweek is in direct violation of the FLSA. 29 U.S.C. § 207(a).

43. Defendants violated the FLSA as well as the Texas Labor Code by failing to pay Plaintiff his full and proper compensation. 29 U.S.C. § 216(b); TEX. LAB. CODE §§ 61.011-61.020.

44. Plaintiff is entitled to payment for all hours worked in excess of forty (40) each workweek in an amount that is one and one-half times his regular rate of pay.

45. Plaintiff is entitled to liquidated damages in an amount equal to his unpaid regular and overtime wages as a result of Defendants' failure to comply with the requirements of the FLSA. 29 U.S.C. § 216(b).

### VIII. COUNT FOUR—UNLAWFUL DEDUCTIONS

46. Plaintiff re-alleges and incorporates by reference all of the facts set forth in the above-sections of this Complaint.

47. The Texas Labor Code prohibits an employer from "withhold[ing] or divert[ing] any part of an employee's wages unless the employer … has written authorization from the employee to deduct part of the wages for a lawful purpose." TEX. LAB. CODE § 61.018.

48. In addition to the pay violations of the FLSA identified above, Defendants also violated the Texas Labor Code by making unauthorized deductions from Plaintiff's wages.

### IX. JURY REQUEST

49. Plaintiff requests a trial by jury.

### X. PRAYER

50. WHEREFORE, Plaintiff and all similarly situated employees who join this action respectfully request this Court:

   a. Authorize the issuance of notice at the earliest possible time to all Defendants' employees who were employed during the three (3) years immediately preceding the filing of this lawsuit, informing them of their rights to participate in this lawsuit if they should so desire;

   b. Declare Defendants have violated the overtime provisions of the FLSA as to Plaintiff and all those similarly situated;

c. Declare Defendants' violations of the FLSA to be willful;

d. Award Plaintiff and all those similarly situated damages for the amount of unpaid unpaid overtime compensation, subject to proof at trial;

e. Award Plaintiff and all those similarly situated an equal amount as liquidated damages, as specifically required by the FLSA;

f. Award attorneys' fees both for this cause and for any and all appeals as may be necessary;

g. Award expert witness fees incurred by Plaintiff in the preparation and prosecution of this action;

h. Award postjudgment interest as allowed by law;

i. Award costs of court of prosecuting Plaintiff's claims; and

j. Award such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore
 Melissa Moore
 State Bar No. 24013189
 Federal Id. No. 25122
 Curt Hesse
 State Bar No. 24065414
 Federal Id. No. 968465
 Lyric Center
 440 Louisiana Street, Suite 675
 Houston, Texas 77002
 Telephone: (713) 222-6775
 Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**