IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ROSENDO DIAZ, Individually and On Behalf of All Other Similarly Situated, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO.: 4:12-cv-00075 |
| RIO GRANDE MEXICAN RESTAURANTS, INC.; RAFAELA RIVERA and MICHAEL RIVERA | § § § § § | JURY DEMANDED |
| Defendants. | § | |

## JOINT MOTION FOR APPROVAL OF SETTLEMENT

COMES NOW Plaintiff Rosendo Diaz and Defendants Rio Grande Mexican Restaurants, Inc., Rafaela Rivera, and Michael Rivera (collectively, "Defendants") and file this Joint Motion for Approval of Settlement, seeking an order approving settlement in this case and respectfully show the Court the following:

1.  Plaintiff Diaz filed this action on or about January 9, 2012, seeking alleged unpaid wages under the Fair Labor Standards Act of 1938, as amended ("FLSA"), 29 U.S.C. § 201, *et seq*. Specifically, Plaintiff sought unpaid wages, unpaid overtime wages, liquidated damages, and attorneys' fees and costs. Since then, no other persons have opted into this suit.

2.  The Parties have reached a resolution of this matter and entered into a confidential settlement agreement (a copy of which is filed contemporaneously, but separately under seal). The FLSA requires either the Court or the United States Department of Labor to approve the

1

settlement of an individual's FLSA claims in order for the settlement to be valid. 29 U.S.C. § 216(c).

3. The Parties agree that the settlement agreement is in the best interest of Plaintiff because it enables Plaintiff Diaz to recover a certain amount of damages without the necessity or delay of trial and possible appeals, and a fixed amount attributable to attorneys' fees incurred by Plaintiff Diaz.  In exchange for this payment, Plaintiff Diaz will agree, *inter alia*, to release Defendants and all related or affiliated entities from any and all claims he may have against them related to the payment or nonpayment of wages under federal or state law and any other claims arising out or related to Diaz's employment with Defendants.  The settlement has been approved by Plaintiff, having had a reasonable period of time in which to consider the settlement agreement, having entered into the settlement agreement voluntarily and knowingly, and having understood fully the meaning and effect of her actions in executing the settlement agreement.

4. The settlement agreement constitutes fair and equitable compensation for Plaintiff's alleged unpaid wages and was reached to settle and resolve *bona fide* disputes between the Parties.

WHEREFORE, the parties respectfully request that the Court approve the Settlement Agreement.

        Respectfully submitted,

        /s/ Francisco Caycedo
Francisco Caycedo
Texas Bar No. 24040664
Southern District Bar No.: 36976
KENNARD LAW P.C.
150 West Parker Road
Sixth Floor
Houston, Texas 77076
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
francisco.caycedo@kennardlaw.com
**ATTORNEY-IN-CHARGE FOR DEFENDANTS**

**OF COUNSEL FOR DEFENDANTS:**
Alfonso Kennard, Jr.
Texas Bar No. 24036888
Southern District Bar No: 713316
KENNARD LAW P.C.
150 West Parker Road, Sixth Floor
Houston, Texas 77076
(713) 742-0900 (main)
(713) 742-0951 (facsimile)
alfonso.kennard@kennardlaw.com

**MOORE & ASSOCIATES**

  /s/ Melissa Moore (by permission)
Melissa Moore
State Bar No. 24013189
Federal Id. No.: 25122
Lyric Center
440 Louisiana Street, Suite 675
Houston, Texas 77002
(713) 222-6775 (main)
(713) 222-6739 (facsimile)
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**

## **CERTIFICATE OF SERVICE**

     A true and correct copy of the foregoing was served on all parties via the Court's electronic filing system on June 14, 2012.

       /s/ Francisco J. Caycedo
     Francisco J. Caycedo